IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ERIC FLORES                                                                                              PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:15cv755-HTW-LRA

UNITED STATES ATTORNEY GENERAL                                              DEFENDANT

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the Motion to Proceed *in Forma Pauperis* [2] filed on October 21, 2014, by Eric Flores [hereinafter "Plaintiff"]. Plaintiff filed this 64-page Complaint against the "United States Attorney General" [hereinafter "Defendant"]. The Complaint asserts that Plaintiff's address is 8401 Boeing Drive, El Paso, Texas 79910, although he states that he is homeless in his IFP motion. Defendant's address is given as 950 Pennsylvania Avenue N.W., Washington, DC 30520. The Complaint also describes the "Federal Bureal [*sic*] of Investigation," 660 South Mesa Hills Drive, El Paso, Texas 79912 as a "respondant" in the case.

In his motion to proceed *in forma pauperis,* Plaintiff attests that he has been unemployed for the past five years, that he has no money and owns no property, and that he is homeless. Based upon his financial situation, his motion to proceed without paying filing fees should be granted.

While Plaintiff has met the financial prerequisites to proceed IFP, he has failed to establish that he has raised a non-frivolous issue. *See Woodall v. Foti,* 648 F.268, 271 (5th Cir. 1981) (pointing out that after a plaintiff satisfies the economic eligibility criterion under 28 U.S.C. § 1915, the court should first grant leave to proceed IFP and then decide any issue regarding dismissal on the basis of frivolousness or maliciousness.) Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint fails to state a claim on which

relief may be granted. 28 U.S.C. §1915(e)(2)(B). This statute applies equally to prisoner and non-prisoner cases. *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002). The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Thus, the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal; the Court may dismiss a case on its own motion if it falls within the parameters of § 1915(e)(2). *Neitzke*.

The Plaintiff is prosecuting this case *pro se*. Therefore, his pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). Even under a liberal standard of review, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted and his case should be dismissed as frivolous under 28 U.S.C § 1915(e)(2).

This Plaintiff filed a nearly identical 66-page Complaint in the Northern District of Mississippi, and that Complaint was dismissed as frivolous after a thorough review of the merits. *Flores v. United States Attorney General and Federal Bureau of Investigation*, Civil Action No. 4:15cv48-DMB-JMV, 2015 WL 4250908 (July 13, 2015, N.D. Miss.). United States Magistrate Judge Jane M. Virden issued a Report and Recommendation recommending dismissal, and District Judge Debra M. Brown adopted the report and dismissed Flores's case on July 13, 2015. For the exact reasons set forth by Judge Virden, as supported by the authorities she cited, the undersigned makes the same recommendations---- the motion for IFP should be granted but this Complaint should be dismissed with prejudice.

The undersigned also notes that Flores has been barred by the United States Supreme Court from filing further frivolous appeals. *See Flores v. Holder,* 132 S.Ct. 2397 (2012) ("As the petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and the petition submitted in compliance with Rule 33.1").  He was also warned by the Court of Appeals for the Fifth Circuit that the filing of further frivolous appeals would result in sanctions.  *Flores v. U.S. Attorney General,* 434 Fed. Appx, 387, 2011 WL 3209869 (5th Cir. July 2, 2011) (affirming district court's dismissal of civil rights complaint as frivolous and noting previous dismissal in 378 Fed. Appx. 473 (5th Cir. 2010)).  He is a resident of Texas and has no connection with the State of Mississippi.  He is obviously filing pleadings all over the country in an attempt to litigate.  This Court should adopt the reasoning given by Judge Virden, as adopted and ordered by Judge Brown, without further explanation.

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(b) as legally frivolous and for failing to state a claim on which relief may be granted.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 18th day of November 2015.

                                                              s/ Linda R. Anderson
                                         UNITED STATES MAGISTRATE JUDGE